No. 85–1403.   KANSAS GAS & ELECTRIC CO. *v.* BROCK, SECRE-
TARY OF LABOR, ET AL.   C. A. 10th Cir.   Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BLACKMUN and JUSTICE O'CONNOR join, dissenting.

In this case, the United States Court of Appeals for the Tenth Circuit has held that 42 U. S. C. § 5851(a),[1] which protects employees of nuclear facilities against retaliation by their employers for offering assistance to the Nuclear Regulatory Commission in carrying out its responsibilities under the Atomic Energy Act of 1954,[2] prohibits an employer from terminating a quality control inspector because the inspector has filed internal safety complaints—that is, complaints directed not to the Commission, but only to the employer itself.   780 F. 2d 1505 (1985).   The Tenth Circuit concluded that although the statutory language does not unambiguously include such cases, the statute's purpose and its legislative history indicate that its extension to purely internal complaints is appropriate.   *Id.*, at 1510–1513.   In so holding, the Court of Appeals took note that the Court of Appeals for the Fifth Circuit had considered precisely the same statutory language and legislative history and reached the opposite conclusion in *Brown & Root, Inc.* v. *Donovan*, 747 F. 2d 1029 (1984).   The Tenth Circuit specifically rejected the Fifth Circuit's ruling in *Brown & Root* and instead aligned itself with an earlier ruling of the Ninth Cir-

---

[1] The statute provides as follows:

"No employer, including a [Nuclear Regulatory] Commission licensee, an applicant for a Commission license, or a contractor or a subcontractor of a Commission licensee or applicant, may discharge any employee or otherwise discriminate against any employee with respect to his compensation, terms, conditions, or privileges of employment because the employee (or any person acting pursuant to a request of the employee)—

"(1) commenced, caused to be commenced, or is about to commence or cause to be commenced a proceeding under this Act or the Atomic Energy Act of 1954, as amended, or a proceeding for the administration or enforcement of any requirement imposed under this Act or the Atomic Energy Act of 1954, as amended;

"(2) testified or is about to testify in any such proceeding or;

"(3) assisted or participated or is about to assist or participate in any manner in such a proceeding or in any other manner in such a proceeding or in any other action to carry out the purposes of this Act or the Atomic Energy Act of 1954, as amended."   92 Stat. 2951.

[2] 68 Stat. 919, as amended, 42 U. S. C. § 2011 *et seq.*

cuit that internal complaints are covered. *Mackowiak* v. *University Nuclear Systems*, 735 F. 2d 1159 (1984).

This direct conflict among the Courts of Appeals should be resolved by this Court. The issue is one of importance to both employees and operators of nuclear installations, and it is an issue that has surfaced either directly or indirectly in at least five appellate decisions in the past four years. See, in addition to the decision below and the cases cited above, the Second Circuit's decision in *Consolidated Edison Co.* v. *Donovan*, 673 F. 2d 61 (1982), and the Illinois Supreme Court's ruling in *Wheeler* v. *Caterpillar Tractor Co.*, 108 Ill. 2d 502, 485 N. E. 2d 372 (1985), cert. denied, 475 U. S. 1122 (1986). I would grant certiorari to resolve the issue.