Valerie L. Salven, Asst. Atty. Gen. (argued), Frederic J. Cowan, Atty. Gen., Cicely Jaracz Lambert, Asst. Atty. Gen., Frankfort, Ky., for petitioner.

Edward C. Monahan (argued), Dept. of Public Advocacy, Frankfort, Ky., Erwin W. Lewis, Asst. Public Advocate, Richmond, Ky., for intervenor.

Before KEITH, JONES and WELLFORD, Circuit Judges.

### In re WARDEN, KENTUCKY STATE PENITENTIARY, Petitioner,

v.

### Eugene Williams GALL, Jr., Intervenor.

No. 88–5521.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 10, 1988.

Decided Jan. 18, 1989.

KEITH, Circuit Judge.

Petitioner Warden, Kentucky State Penitentiary, petitions this court to issue a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651(a), directing the district court to rescind a discovery order requiring petitioner to forward evidentiary exhibits from Eugene Williams Gall, Jr.'s state court trial to Gall's experts located in Texas, and granting Gall's motion to take the deposition of a member of the panel of jurors which heard Gall's trial. For the following reasons, the petition is denied.

## I.

Gall was convicted after a jury trial in the Boone County, Kentucky, Circuit Court in 1978 of the murder of twelve-year-old Lisa Jansen and sentenced to death. Gall's conviction and sentence were affirmed on direct appeal by the Kentucky Supreme Court, *Gall v. Commonwealth*, 607 S.W.2d 97 (1980), and upon review of his motion to vacate, set aside or correct his sentence filed pursuant to Ken.R.Civ.P. 11.42. *Gall v. Commonwealth*, 702 S.W.2d 37 (Sup.Ct. Ky.1985), *cert. denied*, 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986). On July 16, 1986, following the denial of Gall's petition for a writ of certiorari, a death warrant was signed fixing an execution date of August 8, 1986.

Gall filed his petition for a writ of habeas corpus in the district court on July 16, 1986. In his petition, Gall argued, *inter alia*, that (1) the jurors, during the penalty phase of his trial, improperly used the nonstatutory aggravating factor of the possibility of parole, and improperly used the mitigating factor of mental illness as an aggravating factor in sentencing Gall to death; and (2) that he did not receive the effective assistance of counsel due to the failure of his attorney to arrange for independent testing of various items of evidence. The petition was referred to a magistrate, and Gall's execution was stayed pending the resolution of his habeas petition.

On April 29, 1987, the magistrate filed a report and recommendation recommending that the district court grant respondent's motion to dismiss the petition. Gall filed objections to the report, and also filed various motions, the granting of two of which are at issue here.

## A.

On February 17, 1988, following a February 12 hearing on Gall's motions, the district court granted Gall's motion that petitioner provide the entire prior record with exhibits. On February 29, 1988, the district court ordered that the laboratory and field notes of the Kentucky State Police Crime Laboratory ("KSPCL") be provided to Gall and that actual items in evidence (e.g., photographs, hair samples and dry-mount microscope slides) "be made available for examination by petitioner's experts, with appropriate safeguards ..."

On March 1, 1988, petitioner obtained an order *ex parte* from the Boone Circuit Court which petitioner characterizes as a mechanism to accomplish the release of the trial record and exhibits; however, that order also required that all exhibits be transported to the KSPCL, and that any testing be conducted only on the premises of the KSPCL. On that same date, petitioner filed a "Notice of Compliance" with the district court giving notice of the Boone Circuit Court order obtained earlier in the day.

On March 2, 1988, the district court, in its second supplemental order to the one issued on February 17, ordered that petitioner provide Gall with, *inter alia*, all physical evidence for retesting. The district court also noted that it would entertain the testimony of Gall's experts, Forensic Associates of Lubbock, Texas. The next day, petitioner filed a "Second Notice of Compliance," giving notice that evidentiary exhibits were available for testing by Gall's experts at the KSPCL.

On March 11, 1988, Gall filed a motion to compel petitioner to forward the evidentiary exhibits to Gall's experts in Texas. After petitioner filed an objection, the district court granted Gall's motion.

## B.

To support his assertion during his postconviction evidentiary hearing in state court that the jury improperly considered Gall's mental illness and the possibility that he might be paroled, Gall presented the testimony of several jurors. Gall attempted to call juror Palmer to testify; however, Palmer no longer resided in the Commonwealth and therefore was not subject to the subpoena power of the Kentucky courts. In the district court, Gall moved for an order that Palmer be deposed concerning the nature of the jury's deliberations during the penalty phase of his trial. Gall

represented that Palmer would testify that the jury did not consider his mental illness as a mitigating factor, but rather considered it as a nonstatutory aggravating factor, and that the jury used the possibility that Gall might be paroled as a nonstatutory aggravating factor, in recommending that he be sentenced to death.

It is from these discovery rulings which respondent seeks mandamus relief.

## II.

Any discussion of the remedy of mandamus must begin with the recognition that it is extraordinary in nature. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980). The Supreme Court "has recognized that the writ of mandamus has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" 449 U.S. 33, 34–35, 101 S.Ct. at 189–90 quoting *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). "Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy." *Allied Chemical Corp.*, 449 U.S. at 35, 101 S.Ct. at 190.

In *Allied Chemical Corp. v. Daiflon, Inc.*, the Supreme Court explained its "chary authorization of mandamus as an extraordinary remedy:"

> Its use has the unfortunate consequence of making a district court judge a litigant, and it indisputably contributes to piecemeal appellate litigation. It has been Congress' determination since the Judiciary Act of 1789 that as a general rule appellate review should be postponed until after final judgment has been rendered by the trial court. A judicial readiness to issue the writ of mandamus in anything less than an extraordinary situation would "run the real risk of defeating the very policies sought to be furthered by that judgment of Congress." *Id.*, [*Kerr v. United States*, 426 U.S. 394] at 403 [96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976)]. In order to insure that the writ will issue only in extraordinary circumstances, this Court has required that a party seeking issuance have no other adequate means to attain the relief he desires, *ibid.; Roche v. Evaporated Milk Assn., supra*, [319 U.S. 21] at 26 [63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943)], and that he satisfy the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Bankers Life & Cas. Co. v. Holland, supra*, [346 U.S. 379] at 384 [74 S.Ct. 145, 148, 98 L.Ed. 106 (1953)], quoting *United States v. Duell*, 172 U.S. 576, 582 [19 S.Ct. 286, 287, 43 L.Ed. 559] (1899).

In short, our cases have answered the question as to the availability of mandamus in situations such as this with the refrain: "What never? Well, *hardly* ever!"

■ We are unable to say, based on these considerations, that mandamus relief is appropriate in this case. Petitioner has not demonstrated that the district court's order that petitioner be allowed to remove the evidentiary exhibits to Texas was even an abuse of discretion;[1] certainly there has been no showing that petitioner's right to relief from this order is clear and indisputable. Although the propriety of the district court's order that juror Palmer be deposed is more open to question,[2] we are also

---

1. Petitioner's fears as to the integrity of the evidence once it leaves the custody of the Commonwealth appear to be vastly overblown. First, if the retesting produces different results, petitioner is perfectly able to suggest that the passage of time vitiates the reliability of such retesting, and to offer evidence to that effect. Second, even petitioner admits, despite the cost involved, that it is free to send a representative to monitor the retesting.

2. The federal rule would appear to be that juror testimony as to only *external* rather than *internal* influence is admissible, and that a misapprehension as to the instructions is internal in nature. Fed.R.Evid. 606(b); *Tanner v. United States*, 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987). Kentucky law would appear to ban examination of jurors in all situations except to establish that a verdict was arrived at by lot. Kentucky Rules of Criminal Procedure ("RCr") 10.04.

unable to justify the granting of mandamus relief on this ground. The district court has not ruled that the deposition of Palmer will be admissible at the evidentiary hearing, or that it will issue the requested writ of habeas corpus based on that deposition testimony; it has merely ordered that the deposition be taken.[3] We do not find that the discretionary act of ordering a deposition which may yield inadmissible testimony rises to the level of a judicial usurpation of power warranting the extraordinary relief of mandamus.

### III.

Accordingly, for the foregoing reasons, the petition is denied.

Judge Wellford concurs only in the denial of mandamus as to the laboratory and field notes and the forensic evidence question. As noted by the majority, the petitioner may monitor the circumstances and methodology of any retesting.

---

**3.** We note that testimony from other jurors was heard during Gall's state court post-conviction hearing. The Kentucky Supreme Court subsequently held that the testimony was incompetent under RCr 10.04. *Gall v. Commonwealth,* 702 S.W.2d at 44.