**ADLER & DROBNY, LTD., an Illinois Professional Corporation, and Sheldon Drobny, Plaintiffs,**

v.

**UNITED STATES (COMMISSIONER OF INTERNAL REVENUE), Defendant.**

No. 88 C 10051.

United States District Court,
N.D. Illinois, E.D.

March 23, 1992.

---

Law Offices of Randall S. Goulding, Chicago, Ill., for plaintiffs.

Tom Jones, Trial Atty., Washington, D.C., Fred Foreman, U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

On June 6, 1991, Magistrate Judge Lefkow issued a report and recommendation on the parties' cross-motions for summary judgment concluding that plaintiffs had prepared the 1979 personal income tax returns of seventeen investors, and that they had willfully understated the tax liability on each return in violation of 26 U.S.C. § 6694(b). Under § 6694(b), an income tax return preparer may be assessed a $500 penalty each time he willfully understates the taxpayer's liability. The plaintiffs filed objections to the report and recommendation, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, challenging the Magistrate Judge's finding that they were "preparers" of the seventeen returns for which they were assessed preparer liability. Thus, the question this Court must consider is whether an accountant, who promoted partnership investments in certain research and development ventures and who prepared and circulated the tax schedules—the Schedule K-1s—allocating the profits and losses among the investors, may be deemed the "preparer" of the individual tax returns of those investors.

The recommendation of the Magistrate Judge was based in large part on Judge Conlon's decision in *Goulding v. United States*, 717 F.Supp. 545 (N.D.Ill.1989). After a bench trial involving facts very similar to this case, Judge Conlon found that in spite of having no contact with the limited partners, the accountant for the partnership was the preparer of the limited partners' individual tax returns, within the meaning of § 6694. Her conclusion was based on the fact that the paid preparer of the partnership's tax return also completed the schedule allocating profits and losses for each limited partner. A partnership is required to file its gains and losses on Form 1065. The computation of the financial activities is detailed on a Schedule K, which is filed along with Form 1065. Because a partnership is not a taxable entity for federal income tax purposes, however, its profits and losses are claimed on the individual income tax returns of the limited partners. *Id.* at 547 n. 1. Each limited partner receives a Schedule K-1 allocating his share of the profits and losses, which then are figured in the computation of his individual income on Form 1040. Thus, in holding the accountant liable for penalties under § 6694, Judge Conlon concluded that the preparer of the Schedule K-1 was, under the circumstances, the preparer of the individual returns.

The plaintiffs object that both *Goulding* and the present report and recommendation offer an expansive interpretation of the term "preparer," when in fact, because § 6694 is a penalty provision, its terms must be strictly construed. The Court notes, however, that Congress has itself given an expansive definition to the term "income tax preparer." Under 26 U.S.C. § 7701(a)(36), Congress has declared that "the preparation of a substantial portion of a return or claim for refund shall be treated as if it were the preparation of such

return or claim for refund." Therefore, a preparer is not only the person who physically prepares an income tax return. The question therefore arises: what constitutes a "substantial portion of a return"?

Treasury regulation § 301.7701–15(b)(2) supplies a two-step process for determining what constitutes a "substantial portion." Under subsection (b)(2) of the regulation, a given entry (or schedule or other portion of a tax return) is *de minimus* if it is less than $2000 and is less than 20% of the taxpayer's adjusted gross income. Pursuant to the regulation, a de minimus entry cannot, by definition, be a substantial portion of the return. If the entry is not *de minimus*, subsection (b)(1) requires that the length and complexity of the entry be compared with the length and complexity of the rest of the return. The regulatory interpretation of "substantial portion" is supported by the legislative history of § 7701(a)(36), which suggests that "substantial portion" should be defined both by looking to the length and complexity of a given entry or schedule as well as by looking to the amount involved. H.R.Rep. No. 658, 94th Cong., 2d Sess. 275 (1976), *reprinted in* 1976 U.S.Code Cong. & Admin.News 2897, 3171.

■ Congress sheds a little more light on the nebulous term, when it includes in the legislative history the admonition that the filling out of a single schedule will not generally be considered the preparation of a substantial portion, "unless that particular schedule was the dominant portion of the entire tax return." *Id.* Even someone who acts solely as an advisor may be considered a preparer according to the legislative history, although "an individual who gives advice on particular issues of law or IRS policy relating to *particular deductions or items of income* will not have prepared a return with respect to those issues if the advice does not directly relate to any *specific amounts* which are to be placed on the return of the taxpayer." *Id.* at 275–76, 1976 U.S.Code Cong. & Admin.News at 3171 (emphasis added). These excerpts from the legislative history support the Government's general contention that the preparer of a Schedule K–1 may be penalized under § 6694. Clearly, however, preparer liability will only be assessed if the Schedule K–1 is a dominant portion of the tax return, and if it meets the length and complexity requirements. *See, e.g., Goulding,* 717 F.Supp. at 550–551.

■ The plaintiffs' objections to the report and recommendation presently before the Court focus on what they term the Magistrate Judge's lip service to the required findings of substantiality. After examining the exhibits submitted along with the summary judgment briefs, the Magistrate Judge concluded that the deductions taken as a result of the Schedule K–1s prepared by the plaintiffs were not de minimus. This does not automatically push the deductions into the "substantial portion" category, however. The original submissions by the parties gave the Court no clue as to the length and complexity of the various personal income tax returns. Therefore, the Court was unable to determine whether the Schedule K–1s were a dominant portion of each tax return. The record contained no exhibits, and, in fact, no statements at all, regarding the individual returns of each of the limited partners. Thus, although the Government provided the Court with the adjusted gross income (AGI) of each limited partner and with the percentage of the AGI deducted as losses as a result of the Schedule K–1s, the Court had no sense of what other complexities might have been involved in calculating the tax liability of each investor. Accordingly, the Court ordered the parties to provide the 1979 individual tax return of each investor at issue for an in camera review.

The Court has now reviewed the Form 1040s and attachments for each investor and cannot agree with the Magistrate Judge's conclusion that the plaintiffs' were preparers within the meaning of § 7701(a)(36), and so subject to liability under § 6694. Although the Court agrees with the Magistrate Judge's analysis of the relevant sections of the tax code and the applicable legislative history, it does not agree that the plaintiffs were responsible for preparing a substantial portion of each return. All of the returns submitted to the

Court were complicated. Each contained one or more of the following: computations for self-employment tax, capital gains and losses, deductions for charitable giving, and interest income. In some instances, the taxpayers attached Schedule Cs, dealing with business income and losses. Moreover, in many cases the Schedule E deductions, which include partnership losses, went significantly beyond the deductions arising out of the ventures promoted by the plaintiffs.

In light of the complexities of each of the individual returns, this Court cannot find that the preparation of the Schedules K–1, on which plaintiff Drobny wrote a single figure signifying the partnership losses, constituted the preparation of a substantial part of the 1040s submitted by the investors for tax year 1979. To find otherwise would be to make a mockery of the "substantial portion" requirement and place undue emphasis on the language in the legislative history allowing that the preparer of a single schedule might be a preparer.

Accordingly, the Court declines to accept the report and recommendation of the Magistrate Judge. Instead, the Court grants the plaintiffs' motion for summary judgment and denies the Government's cross-motion. The individual tax returns, submitted to the Court *in camera* are hereby placed under seal and preserved for possible appeal.