ADLER & DROBNY, LTD. and Sheldon Drobny, Plaintiffs–Appellees,

v.

UNITED STATES of America, Defendant–Appellant.

No. 92–3840.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 21, 1993.

Decided Nov. 5, 1993.

Rehearing Denied Dec. 16, 1993.

Eileen Murphy and Sheldon Drobny (argued), Northbrook, IL, for plaintiffs-appellees.

Gary R. Allen, David I. Pincus (argued), Teresa T. Milton, and Thomas R. Jones, Dept. of Justice, Tax Div., Appellate Section, Washington, DC, and Nancy K. Needles, Asst. U.S. Atty., Office of the U.S. Atty., Civ. Div., Appellate Section, Chicago, IL, for defendant-appellant.

Before FLAUM and ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

The United States appeals from summary judgment in favor of the plaintiffs, Sheldon Drobny ("Drobny") and his accounting firm of Adler & Drobny, Ltd. Plaintiffs brought suit seeking a refund of their partial payment of a tax preparer penalty assessed by the Internal Revenue Service ("IRS") under I.R.C. § 6694(b). The IRS contended that Drobny and his firm were "preparers" of the tax returns of individual investors in two research and development investment programs, thus making Drobny and his firm liable for the willful understatement of tax liability on those returns.

Both sides moved for summary judgment. The district court granted the plaintiffs' motion,[1] finding that Drobny and his firm were not "income tax return preparer" as defined by I.R.C. § 7701(a)(36) and accompanying Treasury Regulations. Our own decision in *Goulding v. United States*, 957 F.2d 1420 (7th Cir.1992) ("*Goulding II*"), affirming *Goulding v. United States*, 717 F.Supp. 545 (N.D.Ill.1989) ("*Goulding I*") compels us to reverse and remand this case to the district court for further consideration consistent with this opinion. We have jurisdiction to review this case under 28 U.S.C. § 1291.

## I.

In 1979 Sheldon Drobny and his accounting firm of Adler & Drobny, Ltd. promoted two research and development investment programs, the AloEase Partnership ("AloEase") and the Farm Animal Product Venture ("FAP"),[2] which were primarily income tax shelters. Drobny and his firm also prepared the 1979 partnership tax return and Schedule K-1 for AloEase and Schedule E for FAP and forwarded the loss deduction information in those schedules to the individual investors in AloEase and FAP.[3] The investment programs compensated Drobny and his firm for these services. The individual investors then deducted the AloEase and FAP losses on their 1979 tax returns. With the exception of four returns, neither Drobny nor his firm physically prepared the tax returns of these individual investors or offered them any sort of tax advice.

In 1986, the Tax Court disallowed the loss deductions attributable to AloEase and FAP and sustained a fraud penalty against Drobny for claiming these deductions on his own

---

1. While the government moved for summary judgment, Drobny and his firm moved for partial summary judgment. The district court granted plaintiffs' motion on March 23, 1992, 792 F.Supp. 579, and final judgment was erroneously entered in plaintiffs' favor. By order entered on July 9, 1992, the district court vacated that judgment *sua sponte*. The district court entered final judgment including the amounts of the refunds awarded to plaintiffs on September 24, 1992.

2. With their motions for summary judgment, both parties filed a "Statement of Material Facts" describing AloEase as a limited partnership and FAP as a joint venture. These characterizations of AloEase and FAP are now undisputed facts as neither party challenged them below.

3. A partnership tax return is a Form 1065. This form reports partnership gains and losses in a given taxable year. Form 1065 contains two additional documents that detail the partnership's financial activity: a Schedule K that computes the partnership's profit or loss and a Schedule K-1 that allocates the partnership's profit or loss among the partners. Because a partnership is not a taxable entity for federal income tax purposes, its profits and losses flow through to the partners where they are recognized for tax purposes on an individual basis. Each AloEase partner received a Schedule K-1 to use in computing his or her own 1040 return. The investors in FAP also received a Schedule E which reflected their allocable share of losses from the joint venture.

tax return.[4] *Drobny v. Commissioner*, 86 T.C. 1326, 1349, 1986 WL 22150 (1986). Drobny did not prosecute an appeal from the Tax Court's decision.[5] In 1988, the IRS assessed penalties against Drobny and his firm[6] pursuant to I.R.C. § 6694(b) in connection with 17 individual investors' returns for the 1979 tax year. Drobny and his firm paid a portion of the assessed penalties and then filed a claim for a refund. When the IRS did not allow the refund claim within six months, Drobny and his firm brought suit in federal district court under 28 U.S.C. § 1346(a)(1) seeking a refund. Both sides moved for summary judgment. The district court granted judgment in favor of Drobny and his firm.

■ After examining the individual investors' tax returns, the district court determined that the AloEase and FAP loss deduction entries did not constitute a "substantial portion" of the individual investors' tax returns. The district court held as a matter of law that Drobny and his accounting firm were not "income tax return preparers" with respect to the individual investors in AloEase and FAP and thus were not liable for penalties under I.R.C. § 6694(b). The government now appeals.

## II.

This Court reviews the district court's grant of summary judgment *de novo. Fort Wayne Community Schs. v. Fort Wayne Educ. Ass'n*, 977 F.2d 358, 361 (7th Cir.1992).

4. Sheldon Drobny personally invested in AloEase and FAP, in addition to doing accounting work for those entities.

5. Although a notice of appeal was filed, the appeal was dismissed on October 29, 1986, apparently on the appellants' own motion. (7th Cir. No. 86–2647)

6. 26 C.F.R. § 1.6694–1(a) provides that an employer and a chief officer may be assessed penalties under I.R.C. § 6694 if the employer or chief officer negligently or intentionally participated in the understatement.

7. Section 6694, as effective for 1979 tax returns, stated in pertinent part:

(b) *Willful Understatement of Liability.*—If any part of any understatement of liability with respect to any return or claim for refund is due

Section 6694 of the Internal Revenue Code penalizes income tax preparers for understatements of taxpayers' liability which result from the negligent disregard of rules and regulations by return preparers or from a preparer's willful attempt to understate the tax due. *Goulding II*, 957 F.2d at 1423–1424. In 1979, I.R.C. § 6694(b) imposed a $500 penalty where "any part of any understatement of liability with respect to any return … is due to a willful attempt in any manner to understate the liability for a tax by a person who is an income tax return preparer with respect to such return."[7]

Internal Revenue Code § 7701(a)(36) broadly defines an "income tax return preparer" to include any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any tax return or refund claim. Significantly, the preparation of a substantial portion of a return is to be treated as if it were the preparation of the entire return.[8] The pertinent Treasury Regulations provide that the sole preparer of a partnership tax return can also be a preparer of the individual partners' tax returns:

[T]he sole preparer of a partnership return of income or a small business corporation income tax return is considered a preparer of a partner's or a shareholder's return if the entry or entries on the partnership or small business corporation return reportable on the partner's or shareholder's re-

to a willful attempt in any manner to understate the liability for a tax *by a person who is an income tax preparer* with respect to such return or claim, such a person shall pay a penalty of $500 with respect to such return or claim.

26 U.S.C. § 6694(b) (1976) (emphasis added).

8. Section 7701(a)(36) defines an income tax return preparer as:

Any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax … or any claim for refund…. For purposes of the preceding sentence, the preparation of a *substantial portion* of a return or a claim for refund shall be treated as if it were the preparation of such return or claim for refund.

26 U.S.C. § 7701(a)(36) (1976) (emphasis added).

turn constitute a substantial portion of the partner's or shareholder's return.

26 C.F.R. § 301.7701–15(b)(3) (1977). This Court upheld this regulation in *Goulding II.* See *Goulding II,* 957 F.2d at 1429. Therefore, Drobny and his firm can be classified as the preparers of the individual investors' returns only if the Schedule K–1 and Schedule E entries reproduced on the individuals' returns constitute a substantial portion of the individuals' returns as a whole.

■ Treasury Regulation § 301.7701–15(b)(1) sets forth the factors to be evaluated in determining substantiality:

(b) *Substantial preparation.*—(1) Only a person (or persons acting in concert) who prepares all or a substantial portion of a return or claim for refund shall be considered to be a preparer (or preparers) of the return or claim for refund. . . . Whether a schedule, entry, or other portion of a return is a substantial portion is determined by comparing the length and complexity of, and the tax liability or refund involved in, that portion to the length and complexity of, and the tax liability or refund involved in, the return or claim for refund as a whole.

Therefore, the district court must compare the length, complexity and tax impact of an individual entry with the length, complexity and tax impact of the return as a whole to determine the substantiality of an entry *vis a vis* the entire return. This test for substantiality is a single inquiry which requires all three factors to be considered. *Goulding I,* 717 F.Supp. at 549. We believe that the district court erred in two respects when it evaluated the substantiality of the AloEase and FAP loss deduction entries as compared to the individual investors' returns as a whole.

### A.

First, the district court did not examine the AloEase partnership return prepared by Drobny or the calculations involved in preparation of the loss deduction schedules. In its opinion, the district court refers to the Schedule K–1 entry as a "single figure signi-

fying the partnership losses." The district court failed to recognize that the analysis underlying the loss deduction entries may involve lengthy and complex calculations and decisions. As this Court stated in *Goulding II,* a tax preparer's work regarding the partnership's tax return may boil down to one entry on each partner's return, but that entry may represent a far more complicated analysis of partnership earnings and losses. *Goulding II,* 957 F.2d at 1428. The district court should have examined the partnership return underlying the loss deduction entries for AloEase and FAP to determine the complexity of the loss entries when it made its substantiality analysis.

The district court's second error is more significant. Treasury Regulation § 301.-7701–15(b)(1) directs a court to consider the length, complexity *and* tax impact of an entry to the return as a whole. The district court here failed to consider the tax impact of the FAP and AloEase deductions on the individual investors' returns. Both the government and Drobny agreed that the tax consequences of the FAP and AloEase loss deduction entries were significant when compared to the tax liability of the individual investors as a whole, at least in some of the cases.[9] While we do not decide the issue of substantiality in this case, we reaffirm *Goulding I's* holding that a single entry on a partner's tax return can have such an economic impact on the tax liability of that partner so as to be a "substantial portion" of the partner's tax return itself, *Goulding I,* 717 F.Supp. at 551; and remand this case for further consideration.

### B.

■ As a second ground for affirming the grant of summary judgment, Drobny argues that Treasury Regulation § 301.7701–15(d)(2) exempts him (but not his accounting firm) from tax preparer liability under I.R.C. § 6694(b). Treasury Regulation § 301.7701–15(d)(2) provides as follows:

Income Tax Return Preparer

(d) *Persons who are not preparers.*

A person shall not be considered to be a preparer of a return or claim for refund if

---

9. On appeal, Drobny and his firm assert that the tax impact was significant in some cases. The government contends that the tax impact of the

entries on the tax liability was significant in every case. The district court must make this determination on remand.

the person performs only one or more of the following services: ...

(2) Preparation of a return or claim for refund of a person, or an officer, general partner, or employee of a person, by whom the individual is regularly and continuously employed or in which the person is a general partner.[10]

Drobny asserts that because he was a "general partner" in both AloEase and FAP [11] he falls within Treasury Regulation § 301.7701–15(d)(2) and is therefore not an "income tax return preparer" subject to penalties under I.R.C. § 6694(b).

■ Drobny raises this issue for the first time on appeal. This Court usually considers only those matters that were presented to the district court. *Box v. A & P Tea Co.,* 772 F.2d 1372, 1376 (7th Cir.1985), *cert. denied,* 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986). However, we may affirm summary judgment on a ground not asserted below if the grounds asserted before the district court necessarily encompass the ground asserted on appeal and the newly asserted ground for affirming summary judgment was adequately presented in the district court to provide the opposing party an opportunity to contest the issue fully. *Id.*

Drobny's argument does not meet these criteria. The issues before the district court did not address Drobny's status in AloEase and FAP or the possible application of this Treasury Regulation, and the government has not had an opportunity to respond adequately to Drobny's new argument.[12] Be-

cause Drobny failed to present this ground for summary judgment to the district court, we do not consider it now.[13]

### III.

Because of the foregoing conclusions, we REVERSE the grant of summary judgment and REMAND this case to the district court for further consideration consistent with this opinion.

---

**10.** Under I.R.C. § 7701(a)(1), the term "person" includes a partnership.

**11.** On appeal, Drobny asserts that he was a general partner in both AloEase and FAP and that both ventures were general partnerships.

**12.** Drobny's argument based on Treasury Regulation § 301.7701(15)(d)(2) is also inconsistent with his pleadings before the district court. In his "Statement of Material Issues" which accompanied his motion for partial summary judgment, Drobny described AloEase as a limited partnership and FAP as a joint venture and consistently used those characterizations of the entities and their investors throughout the district court proceedings. On appeal however, Drobny has sought to recharacterize AloEase and FAP as general partnerships in which he was "a general partner like the rest of the investors." This change in characterization is yet another reason

why we decline to consider Treasury Regulation § 301.7701(15)(d)(2) an appropriate ground for affirming summary judgment.

**13.** On July 19, 1993, plaintiffs moved to file a surreply to the government's reply brief. This Court ordered the Motion to File Surreply to be taken with the case to be determined by the merits panel. Drobny's surreply brief focused on rebutting the government's positions on the applicability of Treasury Regulation § 301.7701–15(d)(2) to this case. As we have stated above, Drobny should have raised the issue of Treasury Regulation § 301.7701–15(d)(2) at the district court level. If he had done so, he would have had no need to file a surreply to address the government's positions. We therefore deny Drobny's motion to file a surreply brief.