**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2939-15T4

LUIGI PERCONTINO,

    Plaintiff-Appellant,

v.

CITY OF HOBOKEN,

    Defendant-Respondent.

_____

> Submitted October 31, 2017 — Decided November 29, 2017
>
> Before Judges Reisner and Gilson.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Hudson County, Docket No. L-
> 1442-15 and Essex County, Docket No. L-6173-
> 15.
>
> Law Offices of Louis A. Zayas, LLC, attorneys
> for appellant (Mr. Zayas, of counsel and on
> the briefs; Alex Lee, on the briefs).
>
> Hanrahan Pack, LLC, attorneys for respondent
> (Thomas B. Hanrahan, of counsel and on the
> brief; Kathy A. Kennedy, on the brief).

PER CURIAM

    This appeal arises from litigation between plaintiff Luigi

Percontino and his employer, defendant City of Hoboken. Plaintiff

appeals from a July 10, 2015 order dismissing count one of his complaint with prejudice and dismissing count two without prejudice to his filing an amended count two within sixty days; an August 21, 2015 order denying reconsideration; a December 4, 2015 order denying his motion to amend the complaint; and a February 5, 2016 order denying reconsideration.  We affirm in part, and reverse and remand in part.

I

Plaintiff, a deputy municipal court administrator, filed a two-count complaint alleging: (1) the City violated his rights under the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 to -2, by denying him a hearing as to two disciplinary charges; and (2) the City discriminated against him on the basis of gender, in violation of the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to —49, by promoting a less qualified woman into the position of acting municipal court administrator and then appointing her to the permanent administrator title.

Defendant filed an answer to the complaint, admitting that plaintiff received the two disciplinary charges, but asserting that defendant, while represented by counsel, "voluntarily waived his right to hearings" and settled the matters.  The answer asserted that plaintiff "pleaded guilty to both sets of [c]harges" and agreed to the sanctions to be imposed.  Defendant admitted

2                                                          A-2939-15T4

that the female candidate was interviewed for the acting administrator position and appointed to the position. Defendant did not assert that plaintiff was considered for the position or given the opportunity to apply for it.

After filing its answer, defendant filed a motion to dismiss the complaint as a matter of law pursuant to Rule 4:6-2. At oral argument of the motion, plaintiff's counsel conceded that count one asserted a denial of procedural, not substantive, due process. The motion judge dismissed count one with prejudice, concluding that the NJCRA does not apply to violations of procedural due process.

Addressing count two, the motion judge concluded that plaintiff failed to state a claim under the LAD because his complaint did not include a factual allegation that he had applied for either the acting or permanent administrator position, and there was no explanation as to why he did not apply. The judge reasoned:

> [H]e doesn't claim that he didn't apply because the process took place in secrecy. He doesn't say that. I mean, again, I can agree that you have to fit the [prima facie] factors to the scenario. He doesn't say that there was some secret application process where only certain people were informed of it, but not me. He doesn't say that. I could understand that. He doesn't say that either. So he didn't apply for it. He's just complaining that a woman got the job.

Accordingly, the judge dismissed count two without prejudice and granted plaintiff leave to file an amended count two within sixty days. Plaintiff filed a motion for reconsideration, without requesting oral argument. The motion was denied by order dated August 21, 2015. After the August 21, 2015 order was issued, the case was transferred from Hudson County to Essex County and the case was assigned to a new motion judge (the second judge).

On September 8, 2015, plaintiff filed a motion to amend the complaint. Instead of filing a brief, plaintiff's attorney filed his own certification, setting forth legal arguments supporting the motion. The attorney argued that the amended complaint "clarifies the previous complaint to indicate that Hoboken deliberately withheld information regarding" the acting administrator position, and that if plaintiff had been "aware of the opening" he would have applied for it. Plaintiff also sought leave to amend the complaint asserting the due process violation.

Although count one (NJCRA) had been dismissed with prejudice, the amended complaint included the former count one, and added two more counts based on the New Jersey Constitution and 42 U.S.C.A. § 1983. The amended complaint once again recited the same facts concerning the disciplinary charges. The factual recitation did not address defendant's central contention that plaintiff, while

represented by counsel, had settled the disciplinary charges. Instead, the amended complaint repeated the same vague allegations as the original complaint, without setting forth more specific facts.

Plaintiff also re-pled his LAD claim. However, in keeping with the first motion judge's decision, this time plaintiff's factual statement specifically addressed the reasons why plaintiff did not apply for the acting administrator position. Plaintiff asserted that "Hoboken deliberately withheld information regarding the opening from [p]laintiff." He also asserted that he would have applied for the position, had he known of the opening while it was still available. He further asserted that the disciplinary charges were a "sham" designed to harm his career and discriminate against him.

In opposing the amended due process counts of the complaint, defense counsel argued that plaintiff had no viable claim under either § 1983 or the State Constitution. She asserted that plaintiff had available State law remedies to challenge the discipline, but instead waived his right to a hearing and settled the disciplinary case. In response to a direct question from the judge as to whether plaintiff had settled the disciplinary charges, plaintiff's counsel replied that it was "unclear." Asked whether the proposed amendment would be "futile," plaintiff's counsel

asserted that the alleged settlement was "information that's outside of the complaint," but he did not specifically deny to the judge that there had been a settlement.

The second judge denied the motion to amend, applying what he believed was the first judge's holding, that plaintiff "needed to apply for that position to be able to have relief" under the LAD. The second judge also reasoned that the amendment asserting the § 1983 and State constitutional claims would be "futile."

Plaintiff filed a motion for reconsideration, which the second judge denied on the grounds that plaintiff failed to apply for the administrator position. He also reasoned that the due process-related amendments would be futile, because plaintiff settled the disciplinary charges. On the latter point, the judge stated:

> The plaintiff was given the opportunity for a hearing, but bargained for and accepted a lesser punishment in lieu of having a hearing.
>
> The plaintiff can't negotiate a plea bargain and later come back and sue because he wasn't given notice and a hearing in violation of his procedural due process. The plaintiff didn't avail himself of the due process that he was entitled to, and that was made available to him.
>
> The plaintiff . . . must either avail himself [of] the remedies provided by law or prove that the available remedies were inadequate. And that comes out of <u>Florida Prepaid Postsecondary Education Expense Board</u>

v. College Saving Bank, 527 U.S. 627 [1999].
. . .

> A State cannot be held to [have] violated due process requirement[s] when it has made procedural protections available and the plaintiff has refused to avail himself [of] them.

## II

Our review of the trial court's dismissal of a complaint on the pleadings is de novo. Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div.), certif. denied, 208 N.J. 368 (2011). On a Rule 4:6-2 motion, the court must deem the factual allegations in the complaint as true, viewing the pleading indulgently to determine whether a cause of action can be discerned. Printing Mart-Morristown v. Sharp Electronics Corp., 116 N.J. 739, 746 (1989). If, on a motion to dismiss, the parties place before the court legally competent evidence outside the pleadings, the motion is converted to one for summary judgment. R. 4:6-2. Ordinarily, an order granting a Rule 4:6-2 motion is without prejudice, unless an amended complaint would be futile because the claim would necessarily fail as a matter of law. Rezem, supra, 423 N.J. Super. at 113.

After reviewing the record de novo, we affirm the dismissal of plaintiff's claim under the NJCRA. As both motion judges correctly concluded, the NJCRA does not apply to procedural due

process claims. See N.J.S.A. 10:6-2(c) (creating a cause of action for deprivation of "any substantive due process" rights); Major Tours, Inc. v. Colorel, 799 F. Supp. 2d 376, 405 (D.N.J. 2011). Plaintiff's arguments on this point do not warrant further discussion. R. 2:11-3(e)(1)(E).

We also affirm the orders denying the motion to amend as to the alleged due process violation and denying reconsideration on that issue. Because defendant's central contention was that the due process claim was barred by a settlement, defendant should have filed a summary judgment motion on that issue, supported by legally competent evidence of the settlement. See R. 4:46-1 (either party may move for summary judgment thirty-five days after the complaint is filed). However, on the record presented to us, it appears that there is no genuine dispute that plaintiff pled guilty to the disciplinary charges, in return for reduced penalties and the chance to be paid for the suspension time by using vacation days. Moreover, plaintiff failed to plead facts from which a court could discern how he could avoid the doctrines of waiver or exhaustion of administrative remedies.

We reach a different result on the LAD amendment. We appreciate that the second judge believed he was following the law of the case in denying the motion. However, a careful reading of the first judge's ruling reveals that plaintiff actually followed

that judge's guidance in re-pleading and pled a prima facie LAD case as to the acting administrator position.

As the first motion judge recognized, the prima facie case is flexible, depending on the circumstances. Viscik v. Fowler Equip. Co., 173 N.J. 1, 14 (2002). Therefore, it is not necessary for a plaintiff to plead or prove that he or she applied for a job if, for example, the employer selected a candidate without giving other employees an opportunity to apply, or if an application is not otherwise required to be considered for promotion. See EEOC v. Metal Serv. Co., 892 F.2d 341, 349-50 (3d Cir. 1990); Box v. A & P Tea Co., 772 F.2d 1372, 1376-77 (7th Cir. 1985), cert. denied, 478 U.S. 1010, 106 S. Ct. 3311, 92 L. Ed. 2d 724 (1986). See also Dixon v. Rutgers, The State Univ. of N.J., 110 N.J. 432, 443 (1988).

In this case, plaintiff claims that, without making it known that the position was available, the employer interviewed and selected a less qualified female employee for the acting administrator position. That was sufficient to state a LAD claim. See Box, supra, 772 F.2d at 1376-77. As to that claim, we reverse the December 4, 2015 and February 6, 2016 orders and remand this case to the trial court for further proceedings consistent with this opinion.

Neither plaintiff's proposed amended complaint nor his appellate brief explain how he stated a claim as to the permanent administrator position, a job for which he apparently did not apply even though his complaint stated that the position was posted. We affirm the orders on appeal as they relate to that portion of the complaint.

Affirmed in part, reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2939-15T4