Gene M. SMITH, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2012–CA–001742–MR.

Court of Appeals of Kentucky.

July 18, 2014.

Margaret A. Ivie, Assistant Public Advocate, Frankfort, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, Heather M. Fryman, Assistant Attorney General, Frankfort, KY, for Appellee.

Before JONES, LAMBERT, and STUMBO, Judges.

*OPINION*

LAMBERT, Judge:

Gene M. Smith has appealed from the September 20, 2012, order of the Jefferson Circuit Court denying his motion for post-conviction relief pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. Because the trial court did not rule on one of Smith's claims in his RCr 11.42 motion, we vacate the order on appeal.

For our recitation of the facts, we shall rely upon the Supreme Court of Kentucky's opinion from Smith's direct appeal:

On September 8, 2008, Appellant, Gene Smith, and two accomplices, Brandon Hooten and Ray Easton, robbed a Cash Express store in Louisville. They were arrested and indicted on three counts of robbery in the first degree. Hooten and Easton both accepted plea agreements in exchange for their testimony against Appellant.

At trial, Hooten testified that he met Appellant three or four days before the robbery. Appellant proposed a scheme to rob the Cash Express, and Hooten agreed to drive to the store. After looking over the scene, the pair decided to find a third person to assist in the venture. They found Ray Easton, Appellant's cousin, who joined them. The three returned to the area of the Cash Express, where Hooten and Appellant changed into dark clothing.

Easton remained in the car while Hooten and Appellant covered their faces and entered the store. They ordered everyone to the ground and collected cash and cell phones from the Cash Express employees and two customers. Easton drove Hooten's car after they fled the building. Both characterized Appellant as the mastermind of the crime, though Hooten alone claimed that he participated in the crime only because he was afraid of Appellant, who possessed a gun.

Unbeknownst to any of them, George Givens, an off-duty firefighter, noticed Hooten and Appellant entering the store with their faces covered. Becoming concerned, Givens waited in his van until the men exited and drove away. He then followed the trio and called the police. Easton and Hooten testified that they realized they were being followed shortly after leaving the Cash Express parking lot. After following Hooten's car for several minutes, Givens observed a gun being thrown out the passenger-side window. Officers eventually arrived and arrested all three men. Givens directed police to the gun.

The gun underwent testing by the Kentucky State Police. Firearms and toolmark examiner, Leah Collier, performed the testing and testified that the gun was not functioning properly because the slide was jammed. She could not speculate as to how or when the slide had been damaged.

The jury found Appellant guilty of three counts of robbery in the first degree and of being a persistent felony offender in the second degree. He was sentenced to imprisonment for twenty-five years on each count, to run concurrently.

*Smith v. Commonwealth*, 2010 WL 2471513 at *1 (2009–SC–000364–MR) (Ky. June 17, 2010).

On direct appeal, the Supreme Court affirmed the judgment, rejecting Smith's arguments that he was entitled to an instruction on second-degree robbery and that the trial court improperly excluded a video of co-defendant Brandon Hooten performing a rap song pursuant to the Commonwealth's objection. Smith later. filed a *pro se* motion to vacate his sentence pursuant to Kentucky Rules of Civil Proce-

dure (CR) 60.02, alleging prosecutorial misconduct during closing arguments. The trial court denied Smith's motion to vacate, as well as his motions for appointment of counsel and for an evidentiary hearing, and this Court affirmed that ruling in an opinion rendered June 22, 2012, because Smith failed to raise this issue on direct appeal or first seek RCr 11.42 relief.[1]

On August 27, 2012, Smith filed a *pro se* motion to vacate pursuant to RCr 11.42. He also moved for appointment of counsel and for an evidentiary hearing. In his motion, Smith alleged ineffective assistance of his trial counsel due to a conflict of interest arising from joint representation of all three co-defendants by attorneys from the same public defender's office. He stated that the waiver of dual or multiple representation form was not explained to him by his attorney or the court. Smith explained that a full division of loyalties arose between him and his co-defendants when they admitted their guilt and that his attorney was not properly prepared for trial due to the plea negotiations taking place with his co-defendants. Smith also argued that his counsel failed to investigate and present evidence supporting leniency in the sentencing phase, failed to adequately prepare for trial by conducting a thorough investigation of the facts and possible defenses or by obtaining experts, failed to adequately consult with him, and failed to prepare an adequate defense strategy. Finally, Smith argued that his appellate counsel was ineffective in failing to present meritorious issues to the Supreme Court in his direct appeal.

The trial court denied Smith's motions for RCr 11.42 relief, for an evidentiary hearing, and for appointment of counsel by orders entered September 20, 2012. The court stated that Smith had waived his conflict of interest claim "by explicitly executing a waiver of dual or multiple representation prior to the commencement of the trial." The court also rejected Smith's ineffective assistance of counsel arguments, stating that a "[r]eview of the record indicates that trial counsel did an adequate job during both the guilt and penalty phase of the trial." The court later denied Smith's motion for a default judgment due to the Commonwealth's failure to respond to his RCr 11.42 motion. This appeal from the order denying his motion for RCr 11.42 relief and for an evidentiary hearing now follows.

On appeal, Smith continues to argue that he is entitled to RCr 11.42 relief and should have been afforded an evidentiary hearing.

■ The applicable standard of review in RCr 11.42 post-conviction actions is as follows: Generally, in order to establish a claim for ineffective assistance of counsel, a movant must meet the requirements of a two-prong test by proving that: 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Gall v. Commonwealth,* 702 S.W.2d 37 (Ky.1985), *cert. denied,* 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986). If an evidentiary hearing is not held, as is the present case, our review is limited to "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth,* 411 S.W.2d 321, 322 (Ky.1967).

---

1. *Smith v. Commonwealth,* 2012 WL 2360486 (2011–CA–000844–MR) (Ky.App. June 22, 2012).

*See also Sparks v. Commonwealth,* 721 S.W.2d 726, 727 (Ky.App.1986).

■ Before we may reach the merits of Smith's appeal, we must address the trial court's failure to rule on Smith's ineffective assistance of appellate counsel claim (IAAC claim). In his *pro se* RCr 11.42 motion, Smith argued that his appellate counsel was ineffective in failing to present meritorious issues to the Supreme Court in his direct appeal. These issues included the application of RCr 8.30 and whether Smith adequately waived his right to a conflict-free attorney as well as his trial attorney's failure to present mitigating evidence. While the latter issue is clearly a matter of whether his trial counsel was ineffective, there remains a question of whether the former issue should or could have been raised in Smith's direct appeal, regardless of the fact that it was raised in his RCr 11.42 proceedings.

■ In *Hollon v. Commonwealth,* 334 S.W.3d 431 (Ky.2010), the Supreme Court of Kentucky permitted a convicted defendant to raise an IAAC claim in an RCr 11.42 proceeding.

> We hold, therefore, that *Hicks [v. Commonwealth,* 825 S.W.2d 280 (Ky. 1992) ]-type IAAC claims may henceforth be pursued by motion in the trial court of conviction under RCr 11.42.... For clarity, we note some general principles regarding the courts' roles in review of IAAC claims. The trial court will address the IAAC issue under the aforementioned standards entering findings and an appropriate order pursuant to RCr 11.42(6). Once the trial court rules on a defendant's IAAC claim, that court's order will be reviewable in the same manner as orders addressing RCr 11.42 motions are currently reviewed. *See* RCr 11.42(7) (either movant or Commonwealth may appeal from court's final order on RCr 11.42 motion).

*Id.* at 439–40. The Supreme Court explained:

> To succeed on such a claim, the defendant must establish that counsel's performance was deficient, overcoming a strong presumption that appellate counsel's choice of issues to present to the appellate court was a reasonable exercise of appellate strategy. As the Supreme Court noted in *Smith [v. Robbins ],* " '[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance be overcome.' " 528 U.S. at 288, 120 S.Ct. 746 [145 L.Ed.2d 756 (2000) ] (*quoting Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986)). We further emphasize "ignored issues" to underscore that IAAC claims will not be premised on inartful arguments or missed case citations; rather counsel must have omitted completely an issue that should have been presented on direct appeal. For further clarity, we additionally emphasize that IAAC claims are limited to counsel's performance on direct appeal; there is no counterpart for counsel's performance on RCr 11.42 motions or other requests for post-conviction relief. Finally, the defendant must also establish that he or she was prejudiced by the deficient performance, which, as noted, requires a showing that absent counsel's deficient performance there is a reasonable probability that the appeal would have succeeded. *Smith, supra.*

*Hollon,* 334 S.W.3d at 436–37.

In the present case, while the trial court did address Smith's conflict of interest argument, it did not address this claim in relation to his IAAC claim in the order denying his motion for RCr 11.42 relief. Without holding an evidentiary hearing, the trial court specifically concluded that Smith's trial counsel was not ineffective

due to a conflict of interest, that his trial counsel was not ineffective for her failure to adequately investigate the case, and that his trial counsel did an adequate job during the guilt and penalty phases. The trial court did not address Smith's appellate counsel's performance at all, and Smith has raised this issue in his appellate brief. However, because the trial court did not rule on this particular claim, this Court cannot review it. Therefore, we must remand this matter to the trial court for the entry of a ruling on Smith's IAAC claim.[2]

For the foregoing reasons, the September 20, 2012, order of the Jefferson Circuit Court is vacated, and this matter is remanded for a ruling on Smith's ineffective assistance of appellate counsel claim.

ALL CONCUR.

---

**2.** We note that RCr 11.42(6) provides that "[a] final order shall not be reversed or remanded because of the failure of the court to make a finding of fact on an issue essential to the order unless such failure is brought to the attention of the court by a written request for a finding on that issue or by a motion pursuant to Civil Rule 52.02." However, that subsection addresses situations where an evidentiary hearing was held. No evidentiary hearing was held in the present case, and therefore Smith was not required to invoke CR 52.02.