RENDERED:  MARCH 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0851-MR

JUSTIN HARTNETT                                                        APPELLANT

v.
APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE KELLY MARK EASTON, JUDGE
ACTION NO. 17-CR-00835

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, KAREM, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Justin Hartnett appeals from the denial of his Kentucky

Rule of Criminal Procedure (RCr) 11.42 motion.  We affirm.

Hartnett was indicted on one count of rape in the first degree and one

count of sexual abuse in the first degree.  Each charge alleged Hartnett had

engaged in a continuing course of conduct over several years with his

stepdaughter, who was less than twelve years old.  *See* Kentucky Revised Statutes

(KRS) 501.100 (discussing committing an offense via a continuing course of conduct); KRS 510.040 (defining rape in the first degree).

Hartnett, via counsel, filed a motion to suppress a confession he gave to the police. After holding a hearing, the trial court denied the motion. Hartnett and the Commonwealth then reached a plea agreement, which called for Hartnett to receive a total sentence for both charges of twenty years, the minimum sentence. *See* KRS 510.040(2) (making rape in the first degree a Class A felony if the victim is less than twelve); KRS 532.060(2)(a) (setting the minimum sentence for a Class A felony at twenty years' imprisonment).

The trial court sentenced Hartnett in accordance with the plea agreement. Hartnett later submitted a *pro se* RCr 11.42 motion.[1] After the trial court denied it without holding a hearing, Hartnett filed this appeal.

Hartnett's scattershot brief is not always clear, but we perceive that he raises three main issues. First, he contends his counsel's ineffectiveness rendered his plea involuntary, such as counsel's alleged failure to conduct an adequate investigation. Second, he contends his counsel was ineffective for not raising a double jeopardy argument. Finally, he contends the trial court erred by not

---

[1] Hartnett actually submitted two documents purporting to each be an RCr 11.42 motion, one handwritten and one typed. The trial court seemed to deem both to be one omnibus RCr 11.42 motion, even though they are not identical. It is improper to submit successive RCr 11.42 motions, *Sanders v. Commonwealth*, 339 S.W.3d 427, 438 (Ky. 2011), but we decline to examine further whether Hartnett did so since the Commonwealth does not raise that argument.

appointing counsel. We have examined the parties' briefs and will address the facts and arguments necessary to resolve the pertinent issues but will not unduly lengthen this Opinion by exploring the stray remarks in the briefs. Any arguments not discussed herein are fatally underdeveloped, redundant, or otherwise lack merit.

> As we have held:

> Generally, in order to establish a claim for ineffective assistance of counsel, a movant must meet the requirements of a two-prong test by proving that: 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense. If an evidentiary hearing is not held . . . our review is limited to whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction.

*Smith v. Commonwealth*, 438 S.W.3d 392, 394-95 (Ky. App. 2014) (internal quotation marks and citations omitted).

A trial court must hold a hearing on an RCr 11.42 motion "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record. The trial judge may not simply disbelieve factual allegations in the absence of evidence in the record refuting them." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452-53 (Ky. 2001) (citations omitted). But "[m]otions which fail adequately to specify grounds for relief may be summarily denied, as may be motions asserting claims refuted or

otherwise resolved by the record." *Commonwealth v. Pridham*, 394 S.W.3d 867, 874 (Ky. 2012).

Since he entered a guilty plea, to establish prejudice Hartnett must show "that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial." *Sparks v. Commonwealth*, 721 S.W.2d 726, 728 (Ky. App. 1986). A mere "conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough"; instead, Hartnett must "allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, *e.g.*, valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence." *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012).

We begin our analysis of Hartnett's involuntary plea claim by noting that, standing alone, "advice by a lawyer for a client to plead guilty is not an indication of any degree of ineffective assistance." *Beecham v. Commonwealth*, 657 S.W.2d 234, 236-37 (Ky. 1983). Counsel is required to perform a reasonable investigation under the circumstances. *See, e.g.*, *Commonwealth v. Tigue*, 459 S.W.3d 372, 394 (Ky. 2015).

Hartnett faults his counsel for not conducting additional investigation based on the scientific and medical evidence, but he has not shown what additional investigation was required or what crucial information more investigation would have yielded. Sperm found on the victim's abdomen contained Hartnett's DNA. The fact that there was also another individual's DNA present does not exonerate Hartnett,[2] despite his vehement argument to the contrary. Someone else's inappropriate conduct toward the victim would not impact Hartnett's culpability; if there is evidence that two people committed a crime, each would be guilty. And, given the generally damning nature of the scientific evidence, it is unclear how counsel spending additional time going over it with Hartnett, as he now insists should have occurred, would have made it "rational" for him to have rejected the Commonwealth's lenient plea offer. *Stiger*, 381 S.W.3d at 237.

Similarly, we disagree with Hartnett that a medical examination of the victim yielded exculpatory information necessitating additional investigation. In plain English, the victim's intact hymen does not mean that she was not raped.

Only slight penetration is required to constitute sexual intercourse under KRS 510.010(8), and rape in the first degree occurs under KRS

---

[2] Though the lab report does not so state with specificity, it appears to indicate that the DNA of the second person was female as the report states that the DNA profile "is a mixture of at least two individuals. **The male DNA profile** matches Justin Hartnett . . . ." Record (R.) at 154. (emphasis added).

510.040(1)(b)2. when a person engages in sexual intercourse with a person less than twelve. Thus, a rape victim can have an intact hymen. *See, e.g.*, *Reusser v. Commonwealth*, No. 2020-SC-0202-MR, 2022 WL 574424, at *6 (Ky. Feb. 24, 2022) (unpublished and cited only as an illustration) ("[T]he legal definition of sexual intercourse does not require a finding of penetration significant enough to reach and tear the hymen, but rather specifies sexual intercourse is accomplished by penetration 'however slight.'"); *Collins v. Commonwealth*, 951 S.W.2d 569, 574 (Ky. 1997) (discussing an expert's opinion that "it was not uncommon for women who have had numerous sexual encounters to still have a hymen. In fact, Dr. Bates commented that approximately fifty percent of the sexually active women she examined retained a hymen"); 75 C.J.S. *Rape* § 105 (2023) ("Evidence of an intact hymen is not conclusive proof that no penetration occurred."). That conclusion is strengthened by the fact that Hartnett admitted to the police that he had penetrated the victim's vagina with his penis but – in a seeming attempt to minimize his culpability – protested that the penetration was not deep.

Tellingly, Hartnett does not specify with necessary precision what information helpful to his case additional investigation would likely have yielded. For example, Hartnett argues counsel should have interviewed his parents and the victim's teacher and friends. But Hartnett cannot show what relevant information

those persons would have provided (*i.e.*, Hartnett has not shown what additional information counsel could have obtained which would reasonably have caused him to reject the plea offer). Like many defendants, Hartnett in hindsight argues counsel should have done more. But counsel is required to investigate reasonably, not perfectly, and Hartnett has not shown that counsel failed to conduct a reasonable investigation under these damning facts.

In his scattershot brief, Hartnett also seems to argue that counsel was ineffective for not getting his confession to the police suppressed. But counsel did file a motion to suppress. Hartnett argues his counsel should have called additional witnesses to testify at the suppression hearing to show that the police had coerced him into confessing. However, he does not specify how calling additional witnesses would likely have impacted the court's decision.

In the video of Hartnett's nearly two-hour interview with the police, he can be seen and heard but the officers can only be heard. Hartnett readily admitted having sexual contact with the victim to a first officer but did not admit to engaging in sexual intercourse. Eventually, a second officer forcefully and profanely told Hartnett that she did not believe he was telling the full truth and that she would strive to make sure Hartnett received maximum punishment if he did not fully confess. That officer was significantly more brusque than cordial, and

Hartnett confessed to having engaged in sexual intercourse to the first officer soon after the second officer departed.

But Hartnett has not shown that any additional witnesses, such as the second officer, would have presented testimony to impact the trial court's conclusion that his "will was never overborn by the police conduct. This is evidenced by Hartnett's continued effort to blame the child and to downplay the acts of penetration." R. at 50. The trial court viewed the video, and no additional witness testimony would have changed what is depicted on it. Hartnett has not shown error in the trial court's conclusion that the police did not improperly cajole him into confessing. *See, e.g.*, *Gray v. Commonwealth*, 480 S.W.3d 253, 259-61 (Ky. 2016) (discussing factors to consider in determining whether a confession was coerced). Thus, his ineffectiveness argument necessarily fails.

Moreover, Hartnett's assertions in his RCr 11.42 motion (such as, for example, his allegations of innocence regarding the rape charge, his counsel's failure to discuss the evidence adequately with him, the alleged coercion by the police and the need for counsel to investigate further) ***directly*** conflict with his conduct and statements under oath at the guilty plea hearing. Hartnett answered in the affirmative when asked if he understood the charges, had told his counsel everything he knew about them, and had discussed with counsel any possible defenses to them. When the court asked Hartnett if he had been "influenced or

forced in any way to enter this guilty plea against your will[,]" Hartnett answered "no." Video, 11/2/18, at 12:23:25 *et seq.*

The court then informed Hartnett that if he pled guilty it meant, among other things, that he was satisfied with his counsel's work and there was "nothing else out there" he wanted "any attorney" to do. *Id.* at 12:26:03 *et seq.* The court also told Hartnett that a guilty plea meant he was "truly guilty" and had no "secret claim of innocence . . . ." *Id.* at 12:26:25 *et seq.* Hartnett nonetheless persisted in seeking to plead guilty. When then asked by the court if he was satisfied with the "services and advice" of his attorneys, Hartnett answered "yes, sir." *Id.* at 12:26:38. Hartnett later admitted he was guilty of the charges as described on the Commonwealth's guilty plea offer. That offer, which Hartnett signed, states in relevant part that Hartnett "engaged in sexual intercourse with a minor less than 12 years of age and also subjected her to sexual contact." R. at 52.

As our Supreme Court has held in similar circumstances:

> During the plea hearing, Dorsey affirmed that he had enough time to talk to his attorney, was satisfied with the advice given, and that he was not under any coercion or threats that induced him to plead guilty – he was pleading guilty of his own free will. Further, the trial court asked Dorsey if there was anything about the proceedings he did not understand, and he replied "no." Dorsey also said he did not have any questions for the court or counsel. These "[s]olemn declarations in open court carry a strong presumption of verity." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 569 (Ky. 2006).

*Dorsey v. Commonwealth*, 565 S.W.3d 569, 577 (Ky. 2018).

The foregoing makes plain that Hartnett has not made a baseline showing that his counsel was deficient. However, even if we were to somehow assume (solely for the sake of argument) that Hartnett has shown deficiency, he nonetheless cannot show prejudice. To show prejudice, Hartnett must "allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, *e.g.*, valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence." *Stiger*, 381 S.W.3d at 237.

Hartnett cannot make that showing. First, the evidence against him was overwhelming. Indeed, he even admitted his guilt to the police. Accordingly, there was not a realistic chance that he would have been acquitted at trial. Second, he has not – indeed, cannot – show that he even had a realistic chance of receiving a more lenient sentence at trial. Given the near certainty that he would have been convicted of first-degree rape, his sentence could not have been less than that called for in the plea agreement. On the contrary, it is ***highly*** likely a jury would have recommended a significantly longer sentence given the victim's young age and status as Hartnett's stepdaughter and his seeming attempt to blame her, a young child, for encouraging the sexual conduct.

As our Supreme Court held in similar circumstances, Hartnett "has not alleged a viable defense to any of the several serious charges against him, so had he faced trial there is no reason to believe that he would or could have fared better than he did by pleading guilty and accepting the minimum possible sentence." *Stiger*, 381 S.W.3d at 238. In fact, "given the strength of the prosecution's evidence on the . . . charges, there is every reason to think that he would have fared worse." *Id.* In sum, Hartnett has not shown that it would have been rational to reject the plea and go to trial even if his counsel had taken all of the acts Hartnett belatedly states were necessary (such as performing additional investigations, spending more time going over the evidence with him or calling additional witnesses). Hartnett simply has not shown prejudice.

We now turn to Hartnett's hazy argument that counsel was ineffective for not raising a double jeopardy argument. Hartnett is not entitled to relief because counsel cannot be deemed ineffective for failing to pursue a meritless argument. *Rigdon v. Commonwealth*, 144 S.W.3d 283, 291 (Ky. App. 2004).

As we understand it, Hartnett argues his rape and sexual abuse convictions violate double jeopardy principles because sexual abuse is a lesser-included offense of rape in the first degree. If the charges here had proceeded to trial, an instruction on sexual abuse as a lesser-included offense of rape would have been proper if there had been "evidence that sexual intercourse – *i.e.*, penetration –

-11-

did not occur." *Cecil v. Commonwealth*, 297 S.W.3d 12, 18 (Ky. 2009). *See also* 1 Cooper & Cetrulo, *Kentucky Jury Instructions* §§ 4.24 and 4.24.1 (2022).

But the evidence here does not present that question. Hartnett eventually admitted to the police that he sometimes engaged in intercourse with the victim but initially admitted he sometimes had other forms of sexual contact with her. And Hartnett admitted under oath at the guilty plea hearing that he was guilty of both offenses. In short, despite Hartnett's arguments, there was sufficient evidence to support both the rape and sexual abuse charges. Counsel may not be deemed ineffective for declining to pursue a meritless double jeopardy argument.

Hartnett's final argument is that the trial court erred by not appointing counsel for him. As we have discussed, the trial court did not err by denying the RCr 11.42 motion without first holding a hearing. That dooms Hartnett's argument that he was entitled to counsel because "[i]f an evidentiary hearing is not required, counsel need not be appointed . . . ." *Fraser*, 59 S.W.3d at 453.

For the foregoing reasons, the Hardin Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Justin Hartnett, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky