RENDERED:  FEBRUARY 16, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0045-MR

ANTHONY BALL                                               APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE A. C. MCKAY CHAUVIN, JUDGE
ACTION NO. 15-CR-003365-001

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE:  Anthony Ball appeals *pro se* from the Jefferson Circuit

Court's denial of his Kentucky Rule of Criminal Procedure (RCr) 11.42 motion for

postconviction relief.  We affirm.

After a jury trial, Ball was found guilty of attempted murder, first-

degree robbery, and possession of a handgun by a convicted felon.  Because Ball

was a persistent felony offender (PFO), his sentence was enhanced to life

imprisonment. Our Supreme Court affirmed on direct appeal. *Ball v. Commonwealth*, 2018-SC-000244-MR, 2019 WL 4739251, at \*1 (Ky. Sep. 26, 2019) (unpublished). Ball filed a motion for relief pursuant to Kentucky Rule of Civil Procedure (CR) 60.02, which the trial court denied. Though Ball asserts he appealed that decision, "there is no record of Ball mailing such a notice [of appeal] to the Clerks' office." *Ball v. Mazza*, 3:20-CV-633-CHB, 2022 WL 21842248, at \*1 (W.D. Ky. Jul. 18, 2022) (unpublished). Ball also unsuccessfully sought habeas corpus relief in federal court. *Id.*

Ball then filed the RCr 11.42 motion at hand. As we construe it, Ball raised three overarching claims: the trial court should have recused, Ball's trial counsel was ineffective, and Ball received ineffective assistance of appellate counsel (IAAC) on his direct appeal. The trial court denied the motion without first conducting a hearing, after which Ball filed this appeal.

Ball does not appear to argue on appeal that his trial counsel was ineffective. Thus, Ball has waived those claims and any other claims contained in his lengthy RCr 11.42 motion which he does not argue on appeal. *Commonwealth v. Pollini*, 437 S.W.3d 144, 148 (Ky. 2014).

Our review of this matter is greatly hampered by Ball's wholesale failure to comply with our appellate briefing rules. First, Kentucky Rule of Appellate Procedure (RAP) 32(A) requires an appellant's opening brief to begin

with an introduction followed by a statement of points and authorities, but Ball's opening brief contains neither. Instead, it begins with an "Appennix [sic] of Evidence and Its Relevance." RAP 32(E) requires an appellant's opening brief to contain an appendix, but the appendix must be placed at the end of the brief. In addition, Ball did not attach copies of the items listed in his appendix, so we cannot discern where, if at all, the items listed in the appendix may be found in the record.

Second, Ball's brief contains no pinpoint citations to the trial court record, even though RAP 32(A)(3) and (4) each require an appellant to provide "ample references to the **_specific location_** in the record" where the brief's summary of the facts and arguments may be located. (Emphasis added.) Although RAP does not define *ample*, we have explained that it means that references to the trial court record should "permeate" the brief. *Clark v. Workman*, 604 S.W.3d 616, 619 (Ky. App. 2020).[1]

The statement of the case section of Ball's brief contains zero citations to the record. Ball cites to portions of his roughly seven-hour long interview with the police, but he fails to note where in the record the portions of the interviews he cites may be found. A brief which contains no specific citations to the record obviously fails to contain ample citations. We may disregard any

---

[1] *Clark* involved briefs submitted under CR 76.12, which governed appellate briefs prior to the adoption of RAP. However, CR 76.12 contained the same basic "ample citations" requirement, so our explanation of *ample* in *Clark* remains valid.

claims of error or strike a brief which fails to satisfy the ample citations requirement. *Commonwealth v. Roth*, 567 S.W.3d 591, 594-96 (Ky. 2019).

Finally, Ball's brief fails to contain adequate notations of whether, and how, the issues he raises were preserved for appellate review. Instead, for most issues, Ball merely generically states that the issues were preserved in his RCr 11.42 motion. But that motion is roughly forty handwritten pages long. Such a sweeping citation does not satisfy RAP 32(A)(4), which requires an appellant to provide "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." *See, e.g.*, *Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374, 377 (Ky. App. 2018) ("Curty's brief merely states . . . her argument was preserved in her responses to the two motions for summary judgment and in her motion to reconsider, alter, amend or vacate with a citation to an eighty-four-page range of the record. Curty failed to explain how, or precisely where, she preserved her argument . . . . Curty's lackluster attempt at a statement of preservation has no meaningful value, being woefully deficient and noncompliant in multiple ways.").

We recognize Ball's *pro se* status may have hampered his ability to access to the record. But we have explained that a litigant's *pro se* status "does not exempt him from the rules. He is bound by the same rules of appellate procedure

as his opposing counsel and any other party before this court." *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019) (decided under CR 76.12).

We strongly considered striking Ball's brief and dismissing this appeal because it is apparent that he did not even make a rudimentary, good faith effort to submit a compliant brief. However, in light of his *pro se* status and the Commonwealth having declined to seek such relief, we have leniently elected to not do so. But we shall "not undergo an expedition" into the record (which contains multiple volumes of written materials and multiple video recordings) to look for support for Ball's arguments. *Id.* at 414.

We now turn to the merits. In so doing, we note that we have carefully considered the entirety of the parties' briefs and, therefore, have concluded any argument raised therein not discussed in this opinion is redundant, insufficiently explored and explained[2] or otherwise without merit.

"We review the trial court's denial of an RCr 11.42 motion for an abuse of discretion. An RCr 11.42 motion is limited to the issues that were not and could not be raised on direct appeal." *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014). We have explained that:

> Generally, in order to establish a claim for ineffective
> assistance of counsel, a movant must meet the
> requirements of a two-prong test by proving that: 1)

---

[2] Conclusory allegations that counsel was ineffective are insufficient to justify RCr 11.42 relief. *See, e.g.*, *Bartley v. Commonwealth*, 463 S.W.2d 321, 322 (Ky. 1971).

counsel's performance was deficient and 2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985), *cert. denied*, 478 U.S. 1010, 106 S. Ct. 3311, 92 L. Ed. 2d 724 (1986). If an evidentiary hearing is not held, as is the present case, our review is limited to "whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967).

*Smith v. Commonwealth*, 438 S.W.3d 392, 394 (Ky. App. 2014).

Ball first argues that his appellate counsel "showed a conflict of interest by painting his client in the worst possible light . . . ." As the Commonwealth notes, Ball does not state where he raised this issue in his RCr 11.42 motion, and we decline to scrutinize that lengthy, handwritten document to ascertain whether the argument is within it. A party may not raise new issues on appeal which were not presented adequately to the trial court. *Henderson v. Commonwealth*, 438 S.W.3d 335, 343 (Ky. 2014).

Ball contends he preserved the argument by filing a motion for new appellate counsel to the Kentucky Supreme Court. However, this appeal is from the denial of an RCr 11.42 motion. Thus, the issues properly before us in this appeal are limited to those found in the RCr 11.42 motion, not any and all ancillary motions or requests for relief Ball has ever presented to any court. Moreover, Ball did not attach a copy of that motion to his brief.

-6-

In addition to those insurmountable deficiencies, the substance of the argument appears to be Ball's dissatisfaction with the phrasing used by his appellate counsel. Ball cannot receive relief for such a claim. "A movant will only be successful on IAAC claims for ignored issues which counsel must have omitted completely from the direct appeal . . . . IAAC claims will not succeed if based on merely inartful arguments or missed case citations." *Jackson v. Commonwealth*, 567 S.W.3d 615, 619 (Ky. App. 2019) (internal quotation marks omitted).

Next, Ball argues he received IAAC because "counsel[,] while mentioning KRS [Kentucky Revised Statute] 422.110[,] failed to raise it as an issue." KRS 422.110 generally prevents police officers from improperly obtaining confessions. The gist of Ball's argument, as we construe it, is that police officers threatened him or his family until he confessed.

However, on direct appeal Ball argued "that he was not permitted to ask the detectives about KRS 422.110 during trial." *Ball*, 2019 WL 4739251, at *6. Our Supreme Court declined to offer relief to Ball on that issue. *Id.* Because KRS 422.110 was raised on direct appeal, albeit not in the manner Ball believes was optimal, he cannot receive RCr 11.42 relief. *Jackson*, 567 S.W.3d at 619.

In any event, Ball has not adequately shown that there is a "reasonable probability that the appeal would have succeeded" if counsel had further explored alleged violations of KRS 422.110. *Jackson*, 567 S.W.3d at 619 (citations

-7-

omitted). Our Supreme Court addressed at length, and unanimously rejected, Ball's sundry claims that his confession was improperly obtained. *Ball*, 2019 WL 4739251, at *2-6. Thus, Ball has not shown a reasonable probability that alternate phrasing or additional claims of impropriety regarding his confession would have been successful.

Ball next argues that he received IAAC because his appellate counsel did not raise the issue of "altering the interrogation recording . . . ." Ball has not shown that the interrogation recording was altered by the authorities; instead, as the Commonwealth notes, he "simply argues that it [the recording of his interview with the police] was shorter than he believed it should be . . . . Ball is conflating the fact that his entire interview may not have been recorded, with the recording itself being tampered with, and he has no evidence to support this allegation." Also, Ball unsuccessfully argued in his CR 60.02 motion that the recording of his interview with the police had been altered, albeit not in the context of IAAC, and successive post-conviction petitions are improper. *See, e.g.*, *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014).

In short, Ball's speculative and self-serving arguments to the contrary notwithstanding, he has not shown a reasonable probability that he would have received relief on direct appeal if counsel had raised arguments regarding the allegedly altered recording.

Our Supreme Court has already held that Ball validly waived his constitutional rights when he confessed. *Ball*, 2019 WL 4739251, at \*2-6. Included within the Court's analysis was a rejection of Ball's claims that his confession was coerced or that he was entitled to relief due to the Louisville police's alleged violations of their internal operating procedures. Thus, we affirm the denial of RCr 11.42 relief on <u>all</u> of Ball's claims regarding the alleged fatal flaws in his confession as RCr 11.42 relief is unavailable for claims raised on direct appeal or claims which should have been raised on direct appeal. *Wilson v. Commonwealth*, 975 S.W.2d 901, 903 (Ky. 1998).

Next, Ball contends his appellate counsel insufficiently argued the alleged bias of the trial court judge. Again, Ball cannot receive IAAC relief regarding this claim because our Supreme Court addressed the denial of Ball's motion to recuse on direct appeal. *Ball*, 2019 WL 4739251, at \*9 ("[H]aving reviewed the record, we note that the Judge Chauvin treated Ball respectfully, and he patiently guided him through the pretrial proceedings and trial. Accordingly, we will affirm the trial court's denial of Ball's Motion Requesting to Recuse Judge."). Since Ball's appellate counsel did not completely omit a discussion of the trial court's alleged bias, Ball is precluded from receiving relief on this IAAC claim. *Jackson*, 567 S.W.3d at 619. Plus, RCr 11.42 relief is unavailable for

claims raised on direct appeal or claims which should have been raised on direct appeal. *Wilson*, 975 S.W.2d at 903.

For the foregoing reasons, the Jefferson Circuit Court's denial of Anthony Ball's RCr 11.42 motion is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Anthony Ball, *pro se*
Central City, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky