RENDERED: MAY 31, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0135-MR

TERRENCE A. SIMS
APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.        HONORABLE LUCY ANNE VANMETER, JUDGE
ACTION NO. 13-CR-01023

COMMONWEALTH OF KENTUCKY
APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; A. JONES AND LAMBERT,
JUDGES.

LAMBERT, JUDGE: Terrence Sims appeals from the Fayette Circuit Court's

denial of his Kentucky Rule of Civil Procedure (CR) 60.02 motion for

postconviction relief. We affirm.

The trial court sentenced Sims to thirty-five years' imprisonment

pursuant to a jury's recommendation after finding him guilty of murder. Our

Supreme Court affirmed on direct appeal. *Sims v. Commonwealth*, No. 2014-SC-000332-MR, 2015 WL 4980474 (Ky. Aug. 20, 2015).

In 2016, Sims sought postconviction relief pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 based primarily upon allegations his trial counsel was ineffective. The trial court appointed the Department of Public Advocacy (DPA) to represent Sims. However, the DPA successfully moved to withdraw because it concluded the RCr 11.42 proceedings were not one a reasonable person with adequate means would be willing to pursue. *See* Kentucky Revised Statute (KRS) 31.110(2)(c) (providing that if the DPA "and the court . . . determines that it is not a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense, there shall be no further right to be represented by counsel under the provisions of this chapter"). The trial court denied Sims' RCr 11.42 motion. We affirmed. *Sims v. Commonwealth*, No. 2017-CA-000603-MR, 2020 WL 1230643 (Ky. App. Mar. 13, 2020).

Sims filed the CR 60.02 motion at hand in August 2022. Sims argued the DPA was ineffective during the RCr 11.42 proceedings by not arguing that trial counsel had been ineffective for not objecting to alleged prosecutorial misconduct at trial. Sims also argued the DPA was ineffective for not arguing during the RCr 11.42 proceedings that trial counsel had been ineffective for not retaining experts

or examining forensic evidence sufficiently. The trial court denied Sims' CR 60.02 motion, after which he filed this appeal.

As we have explained:

> CR 60.02(f) permits a court to grant relief in circumstances of an "extraordinary nature justifying relief." . . . Our Supreme Court has held there is a "high standard for granting a CR 60.02 motion," because relief under that rule is meant to be "special" and "extraordinary." *Barnett v. Commonwealth*, 979 S.W.2d 98, 101-02 (Ky. 1998). "[B]ecause of the desirability of according finality to judgments, CR 60.02(f) must be invoked only with extreme caution, and only under most unusual circumstances." *Commonwealth v. Bustamonte*, 140 S.W.3d 581, 584 (Ky. App. 2004). A trial court's ruling on a CR 60.02 motion "receives great deference on appeal and will not be overturned except for an abuse of discretion." *Barnett*, 979 S.W.2d at 102.

*Martin v. Commonwealth*, 639 S.W.3d 433, 435 (Ky. App. 2022).

Sims is not entitled to relief. First, Kentucky does not recognize ineffective postconviction counsel claims. *Bowling v. Commonwealth*, 981 S.W.2d 545, 552 (Ky. 1998).

Next, contrary to Sims' assertion, the DPA does not refuse to argue that DPA-affiliated trial or appellate counsel were ineffective. For example, in *Smith v. Commonwealth*, 438 S.W.3d 392 (Ky. App. 2014), the DPA argued the appellant's trial and appellate counsel, who were from a local public defender's office, were ineffective. And Sims' claim, unsupported by a preservation statement or citations to the record or pertinent authority, that the DPA

-3-

insufficiently trains prison legal aides is not a proper basis for CR 60.02 relief. In sum, Sims is not entitled to relief due to the DPA having successfully sought to withdraw as his counsel in either the RCr 11.42 or these proceedings.

Next, Sims could, and should, have raised his current ineffectiveness claims in his RCr 11.42 motion. "A defendant who is in custody under sentence or on probation, parole or conditional discharge, is required to avail himself of RCr 11.42 as to any ground of which he is aware, or should be aware, during the period when the remedy is available to him." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). Our Supreme Court has expressed a strong preference for ineffective assistance of counsel claims to be raised via RCr 11.42. *See Furnish v. Commonwealth*, 95 S.W.3d 34, 52 (Ky. 2002).

Although Sims couches the current allegations in terms of his postconviction counsel having been ineffective, their true, substantive gist is that his trial counsel was ineffective. Sims has not explained why he could not have raised those allegations in his RCr 11.42 motion since they are not based on newly discovered evidence. Because these claims could, and should, have been raised in Sims' RCr 11.42 motion, they do not provide a proper basis for CR 60.02 relief.

Sims argues he should be excused from failing to raise these claims earlier because he is proceeding *pro se*. But Sims was able to raise other claims of ineffective assistance of counsel in his *pro se* RCr 11.42 motion. There is no

obvious logical reason why he could not have raised these claims alongside those he previously raised.

As we have held, albeit in a civil case, "[p]roceeding *pro se* does not provide one with a license not to comply with relevant rules of procedural and substantive law." *Smith v. Bear, Inc.*, 419 S.W.3d 49, 55 (Ky. App. 2013) (internal quotation marks and citation omitted). That logic applies here. *See McQueen*, 948 S.W.2d at 416 (holding that CR 60.02 "is not intended merely as an additional opportunity to relitigate the same issues which could reasonably have been presented by direct appeal or RCr 11.42 proceedings") (internal quotation marks and citations omitted). The fact that appellate courts have sometimes leniently chosen to not sanction a *pro se* litigant who failed to comply fully with rules governing the formatting and content of appellate briefs has nothing to do with, and does not excuse, Sims' failure to raise these claims in his RCr 11.42 motion.

Finally, we reject Sims' argument that the trial court used an incorrect standard of review. To the contrary, the trial court cited relevant Kentucky authority governing CR 60.02 motions. The federal habeas corpus cases cited by Sims are inapplicable.

For the foregoing reasons, the Fayette Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Terrence Sims, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky