RENDERED:  MARCH 6, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0509-MR


BRIAN E. FERGUSON                                                    APPELLANT


v.          APPEAL FROM GRAVES CIRCUIT COURT
            HONORABLE KEVIN D. BISHOP, JUDGE
            ACTION NO. 08-CR-00198


COMMONWEALTH OF KENTUCKY                                  APPELLEE


AND


NO. 2022-CA-0600-MR


BRIAN E. FERGUSON                                                    APPELLANT


v.          APPEAL FROM GRAVES CIRCUIT COURT
            HONORABLE KEVIN D. BISHOP, JUDGE
            ACTION NO. 08-CR-00198


COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE: Brian Ferguson ("Ferguson") appeals from the Graves Circuit Court's denial of his RCr [1] 11.42 and CR[2] 60.02 motions to amend his sentence. Finding no error, we affirm.

**BACKGROUND**

In 2008, Ferguson committed a string of crimes in Marshall, Calloway, McCracken, and Graves County, Kentucky, while on parole.[3] Relevant to the appeal, Ferguson was indicted in Graves County for first-degree burglary (four counts), theft by unlawful taking (over $300) (four counts), second-degree burglary (three counts), theft by unlawful taking (firearm), first-degree wanton endangerment, tampering with physical evidence, possession of a handgun by a convicted felon, and being a first-degree persistent felony offender ("PFO 1"). Ferguson pled guilty in exchange for the Commonwealth dismissing the possession of a handgun by a convicted felon and first-degree persistent felony offender

---

[1] Kentucky Rules of Criminal Procedure.

[2] Kentucky Rules of Civil Procedure.

[3] Ferguson was ultimately charged with over thirty felonies in four separate indictments and pleaded guilty in all four cases.

-2-

charges. As part of the plea agreement, all charges would run concurrently, resulting in a total prison sentence of twenty years.

At the sentencing hearing, the Commonwealth noted that the McCracken Circuit Court had ordered Ferguson's twenty-year sentence in its case (issued less than a week prior) to run consecutive to any other sentence he must serve. There followed some discussion about Department of Corrections ("DOC") policy and whether it would follow McCracken's judgment or Graves' judgment in determining whether to run Ferguson's sentences in McCracken and Graves consecutively or concurrently. The general understanding was that the DOC would follow the decision of the last sentencing court, and if that court did not specify, the DOC would run the sentences concurrently.[4] The court observed there was nothing in the plea agreement concerning the issue, and defense counsel acknowledged that the parties had just agreed to argue it to the court. The court expressed its hesitation to contradict the McCracken court, so it did not specify whether its judgment was to run consecutive or concurrent to any other sentence to give Ferguson "a fighting chance" with the DOC.

The DOC subsequently determined that Ferguson's McCracken and Graves sentences were to run consecutively. Ferguson filed CR 60.02 and RCr 11.42 motions challenging this determination. The motions were denied, and

---

[4] Kentucky Revised Statutes ("KRS") 532.110(2).

-3-

Ferguson appealed. However, for some reason, the DOC revisited the issue and decided the sentences were to run concurrently, and Ferguson moved to dismiss the appeals.

In 2015, Ferguson was released on parole. After being revoked in 2021, the DOC informed Ferguson that his sentence and parole eligibility had been miscalculated: instead of twenty-seven years at twenty percent, it was forty-seven years at eighty-five percent. Ferguson filed both a CR 60.02 and RCr 11.42 motion, alleging he was misadvised as to the consequences of his guilty plea. Ferguson claimed he was told he would receive a twenty-year aggregate sentence at twenty percent parole eligibility. The circuit court denied both motions without an evidentiary hearing. This consolidated appeal followed.

**STANDARD OF REVIEW**

Ferguson has appealed the denial of both his CR 60.02 and RCr 11.42 motions. "We review the denial of a CR 60.02 motion for an abuse of discretion." *Diaz v. Commonwealth*, 479 S.W.3d 90, 92 (Ky. App. 2015) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify

CR 60.02 relief." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014) (internal quotation marks and citations omitted).

"[A] party seeking RCr 11.42 relief for ineffective assistance of counsel has the burden of proving (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense." *Commonwealth v. Searight*, 423 S.W.3d 226, 230 (Ky. 2014) (internal quotation marks omitted) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)). "In reviewing an RCr 11.42 proceeding, the appellate court reviews the trial court's factual findings for clear error while reviewing the application of its legal standards and precedents de novo." *Ford v. Commonwealth*, 628 S.W.3d 147, 156 (Ky. 2021) (citation omitted). "If an evidentiary hearing is not held, as is the present case, our review is limited to 'whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction.'" *Smith v. Commonwealth*, 438 S.W.3d 392, 394 (Ky. App. 2014) (citing *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967)).

## ANALYSIS

Ferguson claims he was misadvised that he would be eligible for parole after serving twenty percent of his sentence when, in fact, he is not eligible until serving eighty-five percent due to his classification as a violent offender

under KRS 439.3401. He urges us to correct his sentence to reflect the twenty percent parole eligibility he claims was part of the plea agreement. Alternatively, he argues that his case should be remanded for an evidentiary hearing. We find no error in the circuit court's denial of Ferguson's CR 60.02 or RCr 11.42 motions.

Both motions make essentially the same argument: counsel was ineffective for misadvising Ferguson as to parole eligibility. As to the CR 60.02 motion, Ferguson's brief only cites the rule but contains no argument or analysis.[5] He merely concludes, "the facts of [this] case meet the standard for relief under CR 60.02(e)&(f)." "In order to be eligible for CR 60.02 relief, the movant must demonstrate why he is entitled to this *special, extraordinary* relief." *Barnett v. Commonwealth*, 979 S.W.2d 98, 101 (Ky. 1998) (emphasis added). Further, it is not this Court's responsibility to make an appellant's argument. *Harris v. Commonwealth*, 384 S.W.3d 117, 131 (Ky. 2012), *as modified on denial of reh'g* (Dec. 20, 2012).

Perhaps most importantly, Ferguson's ineffective assistance claims are not the proper subject of a CR 60.02 motion. *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983) ("The language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are 'issues that could reasonably

---

[5] While Ferguson's reply brief more fully develops his argument concerning the denial of his CR 60.02 motion, "[t]he reply brief is not a device for raising new issues which are essential to the success of the appeal." *Milby v. Mears*, 580 S.W.2d 724, 728 (Ky. App. 1979).

-6-

have been presented' by RCr 11.42 proceedings."); *see also Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011) (noting that "claims . . . of the . . . ineffective assistance of counsel variety . . . do not implicate the extraordinary sort of claim contemplated under CR 60.02(f)"). Therefore, the circuit court did not err in denying Ferguson's CR 60.02 motion without an evidentiary hearing.

Concerning Ferguson's RCr 11.42 motion, he argues counsel failed to advise him that his plea deal would subject him to eighty-five percent parole eligibility as a violent offender.[6] *See* KRS 439.3401(4). As noted above, "a party

---

[6] Although not raised on appeal, Ferguson's RCr 11.42 motion also disputed the DOC's determination that his total sentence length is forty-seven years. In June 2022, Ferguson filed an Administrative Review Form with the DOC, arguing that his aggregate sentence should be twenty-seven years, not forty-seven years. According to the DOC, KRS 533.060(2) required Ferguson's Graves County sentence to run consecutively to any prior sentence (which included his twenty-year McCracken County sentence) because the crimes were committed while he was on parole. Ferguson challenged the DOC's interpretation of KRS 533.060(2), contending the statute only required his McCracken and Graves sentences to run consecutively to the sentence for which he was out on parole, not each other. Ferguson appears to be correct that the DOC has miscalculated his sentence. In *Peyton v. Commonwealth*, 253 S.W.3d 504, 511 (Ky. 2008), our Supreme Court held that KRS 533.060(2) only applies to the original paroled or probated offense and not subsequent indictments. Thus, "the language, 'the period of confinement for that felony shall not run concurrently with any other sentence,' should be construed as meaning that subsequent felony offense(s) committed while on probation or parole may not be run concurrently with the sentence for which the individual is on probation or parole." *Id.* at 511. The subsequent felony offenses themselves, however, "may be run either consecutively or concurrently[] at the court's discretion." *Id.* Here, because the Graves Circuit Court's judgment did not specify whether Ferguson's sentence should run consecutively or concurrently, by operation of KRS 532.110(2), it would run concurrently with his 2009 McCracken sentence, but consecutively to his 2006 sentence. However, the proper procedure for challenging the DOC's sentence calculation is to bring a separate civil action against the DOC, *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997); KRS 454.415, assuming Ferguson has exhausted his administrative remedies. KRS 454.415(1).

seeking RCr 11.42 relief for ineffective assistance of counsel has the burden of proving (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense." *Searight*, 423 S.W.3d at 230 (internal quotation marks omitted) (citing *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052). Misadvise concerning the violent offender statute's effect on parole eligibility is a valid basis for an ineffective assistance claim. *Stiger v. Commonwealth*, 381 S.W.3d 230, 236 (Ky. 2012) ("[C]ounsel's alleged failure to take the violent offender statute into account when giving advice about parole eligibility would constitute, if proven, deficient performance.").

However, regardless of any deficiency in counsel's alleged advice about parole eligibility, the circuit court did not err in denying Ferguson's RCr 11.42 motion without an evidentiary hearing because Ferguson cannot demonstrate prejudice. To establish prejudice in the guilty plea context, a movant must show a reasonable probability that, absent counsel's errors, he would not have pleaded guilty and would have gone to trial. *Stiger*, 381 S.W.3d at 237 (citing *Premo v. Moore*, 562 U.S. 115, 129, 131 S. Ct. 733, 743, 178 L. Ed. 2d 649 (2011)). The movant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id.* (citing *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 1475, 176 L. Ed. 2d 284 (2010)). Moreover:

> at the pleading stage it is movant's burden to allege
> specific facts which, if true, would demonstrate

> prejudice. A conclusory allegation to the effect that absent the error the movant would have insisted upon a trial is not enough. The movant must allege facts that, if proven, would support a conclusion that the decision to reject the plea bargain and go to trial would have been rational, *e.g.*, valid defenses, a pending suppression motion that could undermine the prosecution's case, or the realistic potential for a lower sentence.

*Stiger*, 381 S.W.3d at 237 (footnote and citation omitted).

We are not persuaded that Ferguson, had he known the Commonwealth's twenty-year offer was subject to eighty-five percent parole eligibility, would have rejected the plea deal and gone to trial. Ferguson was charged with fifteen felonies (four class B, four class C, and seven class D) and being a PFO 1. By accepting the plea deal, Ferguson would receive a maximum sentence of twenty years and be eligible for parole at seventeen years. Had he gone to trial, Ferguson faced life in prison due to the PFO 1 enhancement. He also risked the jury running any sentences consecutively.

Additionally, the evidence against Ferguson, which included a detailed statement from his wife to police admitting her involvement in the crimes, was strong. Her statement recounts Ferguson's burglary spree on August 6, 2008, with particularity, including descriptions of the homes burglarized and items stolen. Ferguson has also not alleged any valid defenses to the charges or any facts supporting the realistic likelihood of a lower sentence if he had gone to trial.

While he claims he could have beaten the first-degree burglary charges, he minimizes the Commonwealth's evidence that he possessed a gun while committing the crimes. For instance, Ferguson assigns undue weight to the fact that one of the witnesses, Gene Belisle, is a convicted felon, suggesting he is unreliable. However, Belisle's statement that Ferguson brandished a black, snub-nosed .38 caliber revolver during one robbery is bolstered by another alleged victim, Verenda Leasure's, report that a blued steel snub-nosed revolver was stolen from her home earlier that day. A third alleged victim, Angela Briscoe, reported to police that Ferguson attempted to rob her house at gunpoint. Even if the jury disbelieved Belisle, Ferguson has not alleged any valid defense to the first-degree burglary charge concerning Verenda Leasure's residence. Conviction on just this charge, along with the PFO charge, could have resulted in a life sentence. Simply put, Ferguson has failed to demonstrate that foregoing his plea deal and proceeding to trial would have been a rational decision.

## CONCLUSION

Accordingly, the orders of the Graves Circuit Court denying Ferguson's CR 60.02 and RCr 11.42 motions are affirmed.

ALL CONCUR.

-10-

BRIEFS FOR APPELLANT:

Samuel N. Potter
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky